UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ORLANDO GARCIA, | |
|---|---|
| Plaintiff, | Case No. 21-cv-05539-JCS |
| v. | **ORDER GRANTING MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND (h)(3)** |
| QUONG FOOK TONG, | |
| Defendant. | Re: Dkt. No. 27 |

## I. INTRODUCTION

Defendant Quong Fook Tong brings a Motion to Dismiss Pursuant to FRCP 12(b)(1) and (h)(3) ("Motion"), asking the Court to dismiss Plaintiff Orlando Garcia's First Amended Complaint for lack of subject matter jurisdiction. A hearing on the Motion was held on August 26, 2022. For the reasons discussed below, Tong's motion is GRANTED.[1]

## II. BACKGROUND

### A. Factual Background

Plaintiff Orlando Garcia suffers from cerebral palsy, cannot walk, has manual dexterity issues, and uses a wheelchair for mobility. First Amended Complaint (FAC") ¶ 1. Defendant Quong Fook Tong owns the property in San Francisco on which a lingerie store called Tartas' Secret ("the Business") operates. *Id.* ¶ 3. In the FAC, Garcia alleges that he went to the Business "in June 2021 with the intention to avail himself of its goods or services motivated in part to determine if the defendants comply with the disability access laws." FAC ¶ 8. He further alleges that he "encountered unlawful barriers in June 2021." In particular, according to Garcia, "on the

---

[1] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).

date of the plaintiff's visit, the defendants failed to provide wheelchair accessible paths of travel in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff." *Id. ¶* 10. Plaintiff alleges that although he "wanted to return and patronize the [B]usiness several times" he was "specifically deterred due to his actual personal knowledge of the barriers gleaned from his encounter with them." *Id.* ¶ 8.

In Opposition to the Motion, Garcia supplied a declaration containing additional details about his visit to Tartas' Secret. According to Garcia, he visits Northern California, including San Francisco, regularly "for vacation and to eat and shop" and for his activity as "an active ADA litigator." Declaration of Orlando Garcia in Opposition to Motion to Dismiss First Amended Complaint ("Garcia Decl.") ¶ 5. Garcia states that he went to the Business on June 12, 2021 with his friend Marilyn, "who wanted to look around the store," and that he "was also motivated in part to assess the business for compliance with access laws." Garcia Decl. ¶ 2. Garcia states that he "saw that the path of travel leading to the entrance was sloped" and that he "was worried about being able to navigate it in [his] wheelchair." *Id.* ¶ 3. Because of the slope, Garcia states, he waited outside while his friend went into the Business and shopped. *Id.* Garcia states that "[w]henever it is represented [to him] that the store is brought into compliance, [he] will return to the store to shop and to also check and make sure that the store has fixed the slope at the entrance." *Id.* ¶ 6

As an attachment to his declaration, Garcia has provided three photographs that he says his friend took of the store entrance using Garcia's cell phone on June 12, 2021. Garcia Decl. ¶ 4 & Ex. 1. Two of the photographs show a sloped sidewalk seemingly outside the entrance to a store, and the third photograph shows the storefront of the Business with its name on the awning as well as a glass storefront through which merchandise is visible. *Id.* The sidewalk is not visible in the third photograph. *Id.* In these photographs, the Business is not boarded up and the door is propped open. *Id.*

Garcia has also submitted a declaration and photographs by Corey Taylor, a private investigator hired by Garcia, who went to the Business on July 26, 2021, approximately one month after Garcia's visit, to take photographs and measurements. Declaration of Corey Taylor in

Support of Plaintiff's Opposition to Motion to Dismiss ("Taylor Decl.") ¶¶ 1-3 & Ex. 2.  Taylor states that on that date, "the store was boarded up and closed," he saw "that there was still merchandise inside the store," and "the ramp leading to the door . . . had a slope of 17.5% and a cross-slope of 5.8%." *Id.* at 4-5.  Taylor submitted six photographs, all of which feature prominent date stamps reflecting that they were taken on July 26, 2021.  *Id.*  The first photograph shows the storefront of the Business with its name on the awning and the windows and doors boarded up, gated, and padlocked, and it also shows the sidewalk with a sloped portion near the door.  *Id.*  The second photograph shows a level measuring tool on the sidewalk perpendicular to the door, and the third photograph is a closeup of the level reading "17.5%."  *Id.*  The fourth photograph shows a level measuring tool on the sidewalk parallel to the door, and the fifth photograph is a closeup of the level reading "5.8%."  *Id.*  The sixth photograph shows the storefront of the Business, taken at an angle from the right side, and the neighboring door and mailboxes with the same address as the Business are also visible.  *Id.*

Finally, in response to the Court's Order to Show Cause, in which the Court requested evidence that Tartas' Secret is not permanently closed, Garcia submitted a report from another investigator, Robert Marquis, who visited the Business on July 21, 2022.  Declaration of Robert Marquis ("Marquis Decl.").  Marquis went to the Business on that date and found that it was "open for business" and "ma[d]e a small purchase from" the Business.  *Id.* ¶ 3.  Marquis supplied three photographs that he took during this visit.  *Id.*, Ex. 1.  The first and second photographs show the front of the Business, including the name and address on the awning, the glass door and windows without any boards or gates, and a sign lit up that says "Open."  *Id.*  The third photograph is a receipt that Marquis states is from the purchase he made, and it includes the name and address of the Business, as well as the date, and the amount of $47.00.  *Id.*

**B.   Procedural History**

In his original complaint, filed on July 20, 2020, Garcia asserted claims under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act, alleging that two barriers prevented his entry to the Business: 1) it did not have "wheelchair accessible paths of travel" as it had "an unramped step"; and 2) it "failed to provide accessible entrance door

3

hardware" as "the entrance door hardware had a traditional round knob handle that required tight grasping and twisting of the wrist to operate." Complaint ¶¶ 12, 14-17. In the FAC, filed on March 22, 2022, Garcia amended his factual allegations to allege that the Business had only one barrier to entry, "an excessively sloped ramp, with no handrails or landings." FAC ¶ 12. On April 5, 2022, the Court filed an order declining to exercise supplemental jurisdiction over the state law claim, leaving only the ADA claim in the case.

Tong now brings a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the Court does not have subject matter jurisdiction over Garcia's remaining claim because he has not demonstrated that he has standing to seek injunctive relief, which is the only relief available under the ADA. Motion at 7-8. In particular, he asserts that Garcia cannot establish an injury in fact because he has not demonstrated an intent to return to Tartas' Secret. *Id.* at 9. Tong contends, "Plaintiff filed suit against a closed business, and [in the original complaint] alleged ADA Compliance issues that did not exist on the Subject Property." *Id.* at 4. In support of the contention that the Business was closed on the date of Garcia's visit, Tong points to the photographs taken by Taylor on July 26, 2020, which were produced by Garcia with his initial disclosures. *Id.* at 5 (citing Whang Declaration in Support of Motion to Dismiss ("Whang Decl.") ¶ 2 & Ex. A).[2]

In addition to the evidence Tong contends showed that the Business was closed and boarded up when Garcia visited it, Tong points to deposition testimony by Garcia in another case, *Garcia v. Maciel*, et. al., Case No. 3:21-cv-03743-JCS, that Tong contends establishes that Garcia did not have an intent to return to return to Tartas' Secret. *Id.* (citing Request for Judicial Notice ("RJN"), Ex. A (Garcia Dep. Excerpts)). In particular, in his November 18, 2021 deposition in *Garcia v. Maciel*, Garcia testified that "he made a trip to the Bay Area in June 2021 and visited 15

---

[2] Counsel states in his declaration that "[o]n February 17, 2022, in conjunction with Plaintiff's Initial Disclosures, Plaintiff's counsel provided photographs taken by Plaintiff on the date of his alleged visit to Tartas' Secret supposedly located at 751 Clay Street, San Francisco, California . . . ." Whang Decl. ¶ 2. As the original Complaint alleged that Garcia visited the Business in June 2021, the date stamps on the photographs suggest they were taken after Garcia's visit. It is not clear why Tong's counsel apparently believed the photographs were taken when Garcia visited the business in June. At the hearing, Tong's counsel did not dispute that the pictures filed in support of the Motion were not taken on the day of Garcia's initial visit but instead, about a month later.

4

to 20 businesses, which he then filed suit against each of these businesses." *Id.* (citing RJN, Ex. A at pp.10:1-21, 11:24-14:19). According to Tong, Garcia also testified in his deposition that he had never visited the Bay Area until about May 2021, at which point he began making monthly trips to the area, "'passing-by' numerous small businesses to file suit against for alleged ADA violations." *Id.* (citing RJN, Ex. A at pp. 8:19-9:18; 14:23-15:17). Tong asserts in the Motion that it is likely that Defendant is one of the businesses Plaintiff "passed-by" in his attempt to sue as many small businesses as possible during his brief trip to the Bay Area in June 2021. *Id.* Tong argues that under these circumstances Garcia couldn't have had an intent to patronize the Business, let alone return. *Id.* Instead, Tong argues, Garcia is a vexatious litigant who has "grossly exaggerated" his injury to coerce a settlement from Tong. *Id.* at 10.

Tong further asserts that "[e]ven if Plaintiff amended his Complaint and sued the correct property, Defendant obtained a permit from City and County of San Francisco Department of Building Inspection stating Tartas' Secret's entrance complies with all ADA Standards." *Id.* (citing Whang Declaration, Ex. B (permit)). According to Defendant's counsel, Christopher Whang, the permit states that the Business "is ADA Compliant," and that "on January 31, 2020, the City and County of San Francisco issued a determination that Tartas' Secret[] has approved alternatives to accommodate any alleged inaccessibility issues to the entrance." Whang Decl. ¶ 4. The attached exhibit appears to be an inspection history for Tartas' Secret and reflects that the most recent inspection took place on March 11, 2021. Whang Decl., Ex. B. Under the heading "Inspection Description[,]" the report reads "FINAL INSPECT/APPRVD"; however, under "Inspection Status" the report reads, "CORRECTION REQUIRED." *Id.*

In his Opposition, Garcia rejects the contention that the Business was closed and boarded up when he visited it in June 2021, pointing to the photographs that his friend took with his phone when they visited together on June 12, 2021, discussed above. Opposition at 2-3. Garcia points out that in those photographs the business was not boarded up and closed but instead, was obviously open. *Id.* Thus, Garcia asserts, Tong is merely making the argument that many ADA defendants make, namely, that the case should be dismissed because Garcia is a serial litigant. *Id.* at 3-4. According to Garcia, that argument is inconsistent with the Ninth Circuit authority

addressing standing in ADA cases, which have found that ADA testers are not deprived of standing simply because they are serial litigants. *Id.* at 4-5, 8-11 (citing, *inter alia*, *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011); *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008); *Civ. Rights Educ. And Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1096 (9th Cir. 2017) ("*CREEC*")). Garcia also contends "the Ninth Circuit recently found that allegations virtually identical to those pleaded (and supported) here sufficiently allege standing. *Id.* at 6-8 (citing *Whitaker v. Panama Joes Inv'rs LLC*, 2021 WL 238401, at *2 (9th Cir. Jan. 25, 2021)).

In his Reply, Tong argues that even with the "new photographs" showing that the Business was open when Garcia visited, the Court should dismiss the case based on lack of standing because Garcia is a serial litigant who "has no intention of testing ADA issues and returning to these small businesses, and is simply out to collect a settlement payment." Reply at 2. Tong points to the lawsuit filed by the District Attorneys of Los Angeles and San Francisco against the firm that represents Garcia, as well as Judge Chhabria's order to show cause in *Whitaker v. Cardo, Inc.* N.D. Cal. No. 21-cv-07587-VC, involving the same plaintiffs' counsel, finding that the district attorneys' complaint was well pled and requiring the plaintiff to provide declarations on the question of standing. Reply at 2-3. Tong also asserts that to the extent the photographs show the Business being open, they highlight the fact that in the original complaint the barriers Garcia alleges he encountered (a round doorknob and curbed step) were not the ones shown in the pictures, suggesting that Garcia intended to sue the business next door and "call[ing] into question the validity of these photographs." *Id.* at 3. Finally, Tong points out that Garcia did not address the permit offered in support of the Motion that Tong contends shows the Business is in compliance with the ADA. *Id.*

**III.   ANALYSIS**

    **A.**   **Legal Standard for Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A motion to dismiss filed pursuant to Rule 12(b)(1) challenges a court's jurisdiction over the subject matter of a plaintiff's complaint. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and a plaintiff bears the burden of establishing a court's subject

matter jurisdiction. *See Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994).

A jurisdictional challenge under Rule 12(b)(1) "can be either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). However, "in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003)). To resolve a factual challenge, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Id.* (citing *White*, 227 F.3d at 1242).

**B.     Request for Judicial Notice**

In its Request for Judicial Notice ("RJN"), Tong asks the Court to take judicial notice of the following: 1) the Civil Complaint filed by San Francisco District Attorney Chesa Boudin and Los Angeles District Attorney George Gascon charging Potter Handy, LLP with fraudulent litigation ("Exhibit A"); 2) Plaintiff's deposition taken in *Garcia v. Maciel, et. al.*, on November 18, 2021 ("Exhibit B"); and 3) the "City and County of San Francisco Department of Building Inspection Permit issued to Tartas' Secret" purportedly showing "compliance with Accessible Entrance." ("Exhibit C").

Rule 201 of the Federal Rules of Evidence permits a court to notice of an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

The Court DENIES Tong's request for judicial notice of the complaint against Potter Handy filed by District Attorneys Boudin and Gascon (Exhibit A) because it does not find that it is

directly related to this matter. The complaint contains allegations that ultimately may – or may not – be proven; at this point, however, no judgment has been entered against Potter Handy and therefore, the Court declines to rely on the allegations in that complaint to resolve the standing question here. *See Love v. CCMH Fisherman's Wharf LLC*, No. 20-cv-07131-JCS, 2021 WL 1734924, at *2 (N.D. Cal. May 3, 2021) (declining to take judicial notice of a list of other cases brought by a plaintiff as "wholly irrelevant to the resolution" of the motion).

The Court GRANTS Tong's request for judicial notice of the deposition excerpts in Exhibit B as these were filed on the public record in *Garcia v. Marciel*. Garcia does not dispute that the trip in June 2021 that was the subject of some of his testimony in that deposition was the one during which he visited Tartas' Secret and therefore that testimony is directly relevant to the question of whether Garcia has standing in this case. However, the Court notices the deposition excerpts solely for the purpose of recognizing statements Garcia made in the deposition and not to endorse the conclusions that Tong draws from those statements. *See Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1099 (N.D. Cal. 2017) (taking judicial notice of a website solely to establish what it said and not the defendant's assertions based upon the website).

Finally, because courts may take judicial notice of state and local agency records, the Court GRANTS Tong's request with respect to Exhibit C, which is purportedly a City and County of San Francisco Department of Building Inspection Permit. *See Klean Waters, Inc. v. Orange Cnty. Sanitation Dist., et al*., No. SACV1500627JVSFFMX, 2016 WL 11607214, at *3 (C.D. Cal. Mar. 31, 2016) (citing *Disabled Rts. Action Comm. v. Las Vegas Events, Inc*., 375 F.3d 861, 866 (9th Cir. 2004)). The Court notes that Garcia did not oppose Tong's request for judicial notice or challenge the authenticity of the document.

### C. Standing

"Article III standing is a necessary component of subject matter jurisdiction." *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011). A standing analysis considers whether the plaintiff has shown "(i) that [they] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141

8

S. Ct. 2190, 2203, (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).  An injury in fact for standing purposes is one that is "real, and not abstract" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339-40 (2016) (internal quotation marks omitted).

In the ADA context, "encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 948 (9th Cir. 2011).  An ADA plaintiff may establish injury-in-fact where he "personally suffered discrimination as a result of the barriers in place." *Bodley v. Plaza Mgmt. Corp.*, 331 F. App'x 547 (9th Cir. 2009).  "The injury suffered by disabled plaintiffs is the discrimination under the ADA that results from an accommodation's failure to remove architectural barriers." *Chapman*, 631 F.3d at 952.  Plaintiffs must therefore establish that they have personally encountered "at least one barrier related to plaintiff's disability." *Whitaker v. Panama Joes Invs., LLC*, 840 F. App'x 961, 963 (9th Cir. 2021).

In addition, to demonstrate standing to seek injunctive relive, a plaintiff must establish "real and immediate threat of repeated injury." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004).  This requirement is met where a plaintiff shows "either that he is deterred from returning to the facility or that he intends to return to the facility and is therefore likely to suffer repeated injury." *Chapman*, 631 F.3d at 953.  "To establish standing based on deterrence, an ADA plaintiff must demonstrate that he would return but for the barrier." *Feezor v. Sears, Roebuck & Co.*, 608 F. App'x 476, 477 (9th Cir. 2015).  Conclusory statements that a plaintiff intends to visit an establishment in the future are insufficient to make this showing.  *See Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 868 (9th Cir. 2014) (finding that an ADA plaintiff who encountered a barrier at a hospital but alleged no reason or intent to return to the hospital in the future lacked standing for injunctive relief); *Whitaker v. Slainte Bars LLC*, No. 21-CV-03750-JSC, 2022 WL 1426979, at *2 (N.D. Cal. May 5, 2022) (to establish standing to pursue injunctive relief an ADA plaintiff must show he has a "genuine intent to return; absent such intent, he does not have a likelihood of future injury and therefore no standing to pursue injunctive relief.").

Where the plaintiff is "indifferent to returning" or if their "alleged intent to return is not genuine," no imminent threat exists. *Chapman*, 631 F.3d at 953. But a deterred plaintiff need not engage in the "futile gesture" of returning or making concrete plans to return to the establishment before the barrier is cured. *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002); *see also Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr. ("CREEC")*, 867 F.3d 1093, 1101 (9th Cir. 2017) (holding that alleged intent to return after a barrier has been cured validly protects plaintiffs from engaging in a "futile gesture" and that the "injury continues so long as equivalent access is denied"); *Marquez v. Carwood Ctr., LLC*, No. 2:20-cv-05948-VAP-JEMx, 2020 WL 8816340, at *6 (C.D. Cal. Oct. 19, 2020) (finding a plausible allegation of intent to return sufficient for standing purposes at the pleading stage).

Garcia 's allegations of encountering a barrier at the Business are sufficient to establish that his injury is "concrete and particularized" and "actual." *See* Chapman, 631 F.3d at 953. He has offered evidence, in the form of his own declaration, that on the date of his visit the Business was open and that he wanted to enter to look around but instead had to wait outside while his friend went into the Business because of the sloped ramp leading into the Business. Garcia Decl. ¶¶ 2-3. He also has provided evidence of "an excessively sloped ramp, with no handrails or landings[,]" which was documented by an investigator who visited the Business approximately one month later. Taylor Decl. ¶ 5 & Ex. 2. Further, because Garcia is a wheelchair user and an excessively sloped ramp would interfere with his access to the Business, his claim is sufficiently related to his disability. *See Doran*, 524 F.3d at 1040 (finding that alleged barriers, which included a steep wheelchair ramp, were sufficiently concrete and particularized).

On the other hand, based on the evidence in the record,[3] the Court concludes that Garcia has not established that he has a genuine intent to return to Tartas' Secret. Where "the public accommodation being sued is far from the plaintiff's home, the Ninth Circuit has found actual or imminent injury sufficient to establish standing "where a plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the

---

[3] At oral argument, Garcia waived any right he may have had to an evidentiary hearing on this question.

accommodation if it were made accessible." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008). For example, in *D'Lil*, the court found that the plaintiff had plausibly established her intent to return to a Best Western hotel in Santa Barbara, California where she had encountered barriers based on evidence that "she has been visiting the Santa Barbara area since the early 1980s for both business and pleasure[,]" that between 1993 and 2000, "she visited approximately 1–3 times per year in connection with her work for the state Department of Rehabilitation[,]" that "in 2001, the year that D'Lil stayed at the Best Western Encina, she took three trips to Santa Barbara to visit her friends the Marshes, to vacation with her children, and to perform work for attorney Singleton[,]" that "[i]n the three years between her visit to the Best Western . . . and the filing of her declaration in the case, D'Lil returned to Santa Barbara four times to conduct business inspections and to visit the Marshes[,]" and that she had "three upcoming trips that she was planning to the Santa Barbara area, including a vacation to visit the Marshes, an evidentiary hearing for another trial, and a prospective work trip to Carpinteria." 538 F.3d at 1037–38. In addition, the plaintiff in that case "explained her preference for staying at the Best Western Encina during future trips to Santa Barbara was based on the hotel's proximity to downtown, its accessibility from the freeway, and its amenities, including lush gardening and fresh country linen quilts." *Id.* at 1038; *see also Doran v. 7-Eleven, Inc.*, 524 F. 3d 1034 (9th Cir. 2008) (finding that the plaintiff established that he was deterred from returning to a 7-Eleven that was 550 miles from his home given his allegations that he had visited the 7-Eleven 10-20 times in the past, the 7-Eleven was located near his favorite restaurant in the area, and he intended to go to the area during his annual Disneyland trips); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1035 (9th Cir. 2002) (finding that the plaintiff adequately alleged that he was deterred from visiting a grocery store located 70 miles from his home where he stated in his declaration that it was his favorite grocery store and that he visited the area every week to see his grandmother).

In contrast, in *Whitaker v. Lonely Planet LLC*, the court found that the plaintiff's alleged intent to return to a restaurant in Oakland, California was not plausible where the plaintiff lived 370 miles away and "alleged no specific connection to Oakland, no specific plan to return to Oakland, no specific connection to our restaurant, and no specific plan to return to our restaurant."

11

2022 WL 3084316, at *4 (N.D. Cal. Aug. 3, 2022). Under those circumstances, the court found that the plaintiff's "conclusory statement [was] insufficient to confer standing." *Id.* (citing *CREEC*, 867 F.3d at 1100 for proposition that the district courts may make "case-by-case determinations about whether a particular plaintiff's injury is imminent"; and *Strojnik v. Pasadena Robles Acquisition, LLC*, No. 2:19-CV-02067-AB (PJWx), 2019 U.S. Dist. LEXIS 213070, at *8 (C.D. Cal. Aug. 14, 2019) (Judge André Birotte Jr.), aff'd, 801 F. App'x 569 (9th Cir. 2020) for the holding "that ADA plaintiff failed to show standing under deterrence theory where he 'failed to point to any facts' showing that the alleged deterrence was 'not merely hypothetical'"); *see also Whitaker v. Slainte Bars LLC*, No. 21-CV-03750-JSC (finding after holding an evidentiary hearing that the same plaintiff (Brian Whitaker) had not plausibly established an intent to return to an establishment in Redwood City, California, where he "did not testify as to any specific connection to Redwood City, any specific plan to return to Redwood City, or any specific reason to return to the Alhambra Irish House in Redwood City.").

Here, Garcia states in his declaration that "[w]henever it is represented [to him] that the store is brought into compliance, [he] will return to the store to shop and to also check and make sure that the store has fixed the slope at the entrance." Garcia Decl. ¶ 6. However, Garcia testified in *Garcia v. Maciel* that he lives in Los Angeles, almost 400 miles away from the Business. RJN, Ex. B (Garcia Dep.) at 8. Garcia states in his declaration that he "visit[s] Northern California regularly, including San Francisco, for vacation and to eat and shop" and that because he is "an active ADA litigator, . . . his efforts to identify law-breaking businesses brings [him] to this geographical area on a continuing and ongoing basis." Garcia Decl. ¶ 5. However, this broad statement is too general to be plausible. Unlike the facts in *D'Lili, Dornan* and *Pickern*, there is no specific evidence in the record in this case showing that Garcia has a genuine intent to return to this particular business, such as the nature of the merchandise sold at Tartas' Secret or the convenience or attractiveness of its particular location. Indeed, in Garcia's declaration, he does not state that he wanted to shop at the store; rather, it was his friend who wanted to "look around," whereas Garcia's interest appears to have been exclusively to check for ADA compliance. Garcia Decl. ¶ 2. Given that he lives so far away, the Ninth Circuit case law requires more. The Court

12

therefore concludes that Garcia has failed to demonstrate imminent injury and lacks standing in this case.

The Court also finds that Garcia's reliance on *Whitaker v. Panama Joes Invs. LLC*, is misplaced. In that case, the Ninth Circuit held that "[a]n allegation that the plaintiff is currently deterred from visiting a facility because he is aware of discriminatory conditions there suffices to demonstrate an imminent injury for purposes of surviving a motion to dismiss pursuant to Rule 12(b)(1)." 840 F. App'x at 963-964. There, however, the court was considering a facial challenge under Rule 12(b)(1). *See id*. at 963 (setting forth legal standard governing facial challenge under Rule 12(b)(1)). In contrast, the parties here have presented evidence to support their positions. As discussed above, a different standard applies when the Court goes beyond the allegations in the complaint.[4]

## IV. CONCLUSION

For the reasons discussed above, the motion to dismiss is GRANTED. The case is therefore dismissed. The Clerk shall enter judgment in favor of Defendant and close the file.

**IT IS SO ORDERED.**

Dated: August 26, 2022

JOSEPH C. SPERO
Chief Magistrate Judge

---

[4] Because the court finds that Garcia does not have standing, it does not reach Tong's alternative argument based on the City and County of San Francisco Department of Building Inspection Permit that Tong says establishes the Business is in compliance with the ADA.